USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICIO R. MAMOT,

                                                  :      REPORT AND
                                                        RECOMMENDATION
              Plaintiff,                      :      09 Civ. 7078 (LTS) (GWG)

    -v.-                                              :

                                                        :

BILINGUALS, INC, et al.,                  :

              Defendants.                 :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      As was stated in the Court's Order of September 3, 2009 (Docket # 5) ("September 3 Order"), plaintiff's complaint in this matter describes the failure of an apparently private company to issue him a certificate following his attendance at an educational workshop and also describes the company's conduct in a state court suit brought by plaintiff regarding this failure.

      The complaint states that plaintiff is suing under 28 U.S.C. § 1331, see Complaint, filed Aug. 11, 2009 (Docket # 1), at 1, but this statute provides only that district courts have subject matter jurisdiction over civil actions arising under federal law. The complaint does not indicate what federal law provides a basis for the lawsuit and the allegations of the complaint do not suggest that there is any such law. Accordingly, the Court's September 3 Order required plaintiff to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.

      In response, plaintiff filed a document entitled "Notice of Motion and Memorandum of Law," filed Sept. 24, 2009 (Docket # 6) (Pl. Mem.).[1] This document consists of a cover page that asserts that the defendants' refusal to give Mamot the certificate was "tantamount to unnecessarily denying children with autism and Asperger syndrome with needed professional therapy as specifically mandated under the Americans with Disabilities Act of 1990. [sic] as codified, 42 U.S.C. ss 12112-12117." Pl. Mem. at 1. Attached to the cover page is a document entitled "Complaint," which is dated September 22, 2009. This new complaint is substantively the same as the original inasmuch as it complains of the defendants' failure to provide him with the certificate following the workshop and the defendants' conduct during the state court suit. The new complaint also adds additional allegations to the effect that plaintiff has been unable to attain employment as a professional therapist because the defendants are "blacklisting him with

---

[1] Where necessary, the Court has added page numbers to this document.

other schools and centers in the City that offer professional services to [the] autistic population." Id. at 3-4. In addition, in the section entitled "Basis for Jurisdiction," the plaintiff has now inserted the following sentence: "Plaintiff is suing the defendants under Title VII of the Civil Rights Act of 1967 [sic], as codified, 29 [sic] U.S.C. ss 2000e." Id. at 2. Notably this new complaint is virtually identical to a complaint previously filed in a case brought by plaintiff against the same defendants. See Mamot v. Bilinguals Inc. and Wichuda Wichaidit, 09 Civ. 1635 (LBS). This complaint was subsequently dismissed. See Order, filed Feb. 23, 2009 (Docket # 3 in 09 Civ. 1635) ("Feb. 23 Order").[2]

The complaint in this case should be dismissed for two separate reasons. First, it fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee.") (per curiam). The complaint states no claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12112-17, because, among other reasons, the harm that Mamot alleges resulted from defendants' actions was to persons other than Mamot: specifically, to unnamed "children." Mamot has no standing, however, to raise the claims of other persons. Nor does the complaint state a claim under Title VII, 42 U.S.C. §§ 2000e et seq., for a host of reasons. Most obviously, Mamot is not suing his employer or a labor organization. See 42 U.S.C. § 2000e-2.

Second, this case should be dismissed on res judicata grounds. As noted, the plaintiff previously filed a complaint making substantively the same allegations against the identical defendants. See Mamot v. Bilinguals Inc. and Wichuda Wichaidit, 09 Civ. 1635 (LBS). This case was dismissed on February 23, 2009 because it lacked "an arguable basis either in law or in fact." Feb. 23 Order at 4-5 (citations and internal quotation marks omitted). Accordingly, plaintiff is barred by the doctrine of res judicata from bringing another action on the same

---

[2] As was noted in that case:

Plaintiff has filed numerous cases in this Court and the United States District Court for the Eastern District of New York, the majority of which have been dismissed as failing to state a claim, duplicative, frivolous, or otherwise lacking merit. Mamot v. N.Y.C. Bd. of Educ., et al., No. 01 Civ. 2597 (JSR) (S.D.N.Y. Mar. 22, 2002) (granting defendants' motion to dismiss); Mamot v. Bd. of Regents, et al., No. 01 Civ. 205 (BSJ) (S.D.N.Y. Jan. 24, 2002) (same); Mamot v. N.Y.S. Atty. Gen., et al., No. 01 Civ. 0643 (DLC) (S.D.N.Y. Jan. 18, 2002) (same); Mamot v. River Place Mgmt., No. 00 Civ. 7617 (RWS) (S.D.N.Y. Dec. 14, 2001) (same); Mamot v. Silverstein Props., Inc., et al., No. 01 Civ. 2521 (RMS) (S.D.N.Y. Dec. 14, 2001) (stipulated dismissal); Mamot v. Glaxosmithkline Pharmaceutical Co., No. 08 Civ. 702 (E.D.N.Y. June 13, 2008) (transferred to E.D. Pa.); Mamot v. The Bd. of Regents, et al., No. 08 Civ. 1451 (E.D.N.Y. June 13, 2008) (granting defendant's motion to dismiss); Mamot v. Bd. of Regents, et al., No. 00 Civ. 5337 (E.D.N.Y. Aug. 3, 2001) (same).

Feb. 23 Order at 4-5 (footnote omitted).

subject. See, e.g., Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 265 (2d Cir. 1997) ("Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (citations and internal quotation marks omitted)).

Conclusion

       The complaint should be dismissed with prejudice.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 26, 2009
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Patricio R. Mamot
2-01 50th Avenue, #14K
Long Island City, NY 11101

Bilinguals Inc.
Ms. Wichuda Wichaidit
ABA Program Manager
60 Madison Avenue, 8th Floor
New York, NY 10010